**ADANTE POINTER, ESQ., 236229**
**PATRICK BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR HIGGINS, an individual; LARRY TILLER, an individual; LORENZO BELL, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; FNU, GUNN in his individual capacity as a police officer for the SAN FRANCISCO Police Department; and DOES 1-50, inclusive. <br><br> Defendants. | Case No.: <br><br> <u>COMPLAINT FOR DAMAGES</u> <br> (42 U.S.C § 1983) <br><br><br> <u>JURY TRIAL DEMANDED</u> |

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 1

# INTRODUCTION

1. On September 2, 2019, Arthur Higgins, Larry Tiller, Jr. and Lorenzo Bell were sitting in a parked car on Broadway Street in the City of San Francisco waiting for a friend. All of a sudden, an SFPD patrol car pulled alongside the car and several police Officers proceeded to get out. An Officer told Mr. Miller, who was sitting in the driver seat, that the car was parked in a bus zone. The Officers then proceeded to question and harass the car's passengers.

2. Despite not suspecting Mr. Higgins of having committed any crimes, the officers asked Mr. Higgins for identification, who was sitting in the backseat. Mr. Higgins explained that he did not have identification, but had a picture of the card on his phone.

2. Without warning or any lawful basis, the officers fired pepper-spray into the car partially blinding and suffocating Mr. Higgins and all of the car occupants. Then another SFPD officer drew his baton and began beating Mr. Higgins and roughly pulled him as well as Mr. Tiller out of the car. Two more SFPD officer jumped onto Mr. Higgins and began punching and kicking him repeatedly. Afterwards, officers charged Mr. Higgins with resisting arrest, but the district attorney declined to press the charges after reviewing the case.

# JURISDICTION

4. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of San Francisco, in San Francisco County, California, which is within this judicial district.

# PARTIES

5. Plaintiff ARTHUR HIGGINS (hereinafter "Plaintiff") is a competent adult, a resident of San Francisco, California, and a citizen of the United States.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 2

6. Plaintiff LARRY TILLER, JR. (hereinafter "Plaintiff") is a competent adult, a resident of San Francisco, California, and a citizen of the United States.

7. Plaintiff LORENZO BELL (hereinafter "Plaintiff") is a competent adult, a resident of San Francisco, California, and a citizen of the United States.

8. Defendant FNU [First Name Unknown] GUNN (hereinafter "Defendant") is a competent adult, a resident of San Francisco, California, and a citizen of the United States.

9. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "City") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Francisco Police Department and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant City was the employer of Defendants and DOES 1-25, individually and as peace officers.

10. Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 3

1    11.    Plaintiff is ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the police officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

12.    In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the City of San Francisco.

13.    Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

14.    Due to the acts and/or omissions alleged herein, Defendants, and each of them, act as the agent, servant, and employee and/or concert with each of said other Defendants herein.

15.    Plaintiffs filed a timely government tort claim on March 2, 2020, and the City of San Francisco rejected the claim by operation of law.

## FACTUAL ALLEGATIONS

16.    On Sunday September 2, 2019 at approximately 2:50AM, Plaintiffs Arthur Higgins, Larry Tiller and Lorenzo Ball sat in Mr. Tillers car and waited for a friend. At around 2:53am, a patrol car with two San Francisco Police Department officers approached Mr. Tiller's vehicle. Officer Gunn walked up to the driver's side and told Mr. Tiller that he was parked in a bus zone. Mr. Tiller provided Officer Gunn with his identification.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 4

17. Another yet-to-be-identified San Francisco police officer approached Mr. Higgins who was seated in the rear passenger seat. The officer opened the door and asked Mr. Higgins for his identification. Despite not having to provide identification, since Mr. Higgins was not suspected of any crimes but simply a passenger in the back seat of a car suspected of a vehicle infraction related to parking in a bus zone, Mr. Higgins explained to the officer that he did not have his identification card but he had a picture of it. In response, the officer lost control and deployed pepper spray into the passenger compartment of the car affecting Mr. Higgins, Mr. Bell and Mr. Tiller.

18. Then the officer drew his baton and began striking and pulling on Mr. Higgins in an effort to force Mr. Higgins out from the car. The officer lost his footing, and pulled himself and Mr. Higgins to the ground. Video captured at least two more officers jumping onto Mr. Higgins, punching and kicking him in the face, and causing him to black out. Mr. Higgins was eventually taken to SF General Hospital before being taken into custody, where he remained for 48 hours.

19. Mr. Bell was seated in the front passenger seat when he was hit in the eyes and mouth with pepper spray. A female officer pointed her gun at Mr. Bell and ordered him out of the vehicle. The officer then opened the door, and threw Mr. Bell face first onto the curb. Mr. Tiller was in the driver's seat when an officer opened the door, and violently threw him face down onto the ground. The Officers elected to use such a violent degree of force to simply investigate and issue a minor vehicle infraction for being parked in a bus zone.

20. Adding insult to injury, the officers charged Mr. Higgins with resisting arrest. Tellingly, the district attorney declined to press charges. As a result of Ofc. Gunn and the yet-to-be-identified officers' uses of force, Plaintiffs suffered significant physical injuries, and were unlawfully seized.

## DAMAGES

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 5

21. As a consequence of Defendants' violations of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiffs were physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

22. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiffs are also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(PLAINTIFFS against GUNN, CITY of SAN FRANCISCO, and DOES 1-25)*

23. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

24. When Defendants attacked Plaintiffs, they had no reasonable suspicion or probable cause. In addition, the officers issued no verbal warning to Plaintiffs before using force. Plaintiffs had committed no crimes. Therefore, the use of any force, including beating plaintiffs, was unlawful and excessive. Defendant officers' conduct was excessive and unreasonable, which violated both their training and Plaintiffs' constitutional rights under the Fourth Amendment.

25. As a result of their misconduct, Defendants are liable for Plaintiffs' injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 6

## SECOND CAUSE OF ACTION
### (Fourth Amendment – Unlawful Detention/Arrest under 42 U.S.C. Section 1983)
*(PLAINTIFFS against GUNN, CITY of SAN FRANSCICO, and DOES 1-25)*

26. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

27. When Defendants arrested Plaintiffs, they had no reasonable suspicion and/or probable cause, and issued no lawful warnings and/or instructions. Furthermore, Plaintiffs had not committed any crimes. Therefore, Defendants' use of force, detention and arrest of Plaintiffs were an unlawful seizure that violated both their training and Plaintiffs' constitutional rights under the Fourth Amendment.

28. As a result of their misconduct, Defendant officers are liable for Plaintiffs' injuries and imprisonment.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Violation of the 1st Amendment of the U.S. – Retaliatory Arrest & Force)
*(PLAINTIFFS against GUNN, CITY of SAN FRANCISCO, and DOES 1-25)*

29. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

30. At all times relevant herein, Plaintiffs had a right to free speech and to protest police action as afforded and provided by the First Amendment and protected against retaliation by the same and 42 U.S.C. § 1983.

31. Upon information and belief, Defendants chose to use and/or used excessive force against Plaintiffs in retaliation for Plaintiffs exercising their right to protest police action, liberty and free movement.

32. As a result of their misconduct, Defendants are liable for Plaintiffs' physical, mental, and emotional injuries, either because they were integral participants, or because they

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 7

failed to intervene to prevent these violations

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**(Supervisory and Municipal Liability for Unconstitutional Custom or Policy (Monell)–42 U.S.C. section 1983)**
*(PLAINTIFFS against Defendant CCSF and DOES 26-50)*

33. Plaintiffs hereby re-allege and incorporates by reference each and every paragraph of this Complaint.

34. Plaintiffs are informed and believes and thereon alleges that high ranking Defendant CCSF officials, including Defendants, and DOES 26-50, and/or each of them, knew and/or reasonably should have known about acts of misconduct by Defendants, and DOES 1-25, and/or each of them. Defendant officers fabricated a reason to stop and detain Plaintiffs, then used excessive force to enforce their unlawful stop. High-ranking official should have known about the pattern of excessive force of the Defendants given this is just the latest use of excessive force incident in a string of recent and egregious excessive force incidents by San Francisco Police Department officers. For example,

   a. In 2017, SFPD Sergeant Flint Paul lost his temper at a skateboarding event, and shoulder checked a teenager from his skateboard causing him to suffer a broken ankle. The San Francisco Department of Police Accountability found that Sgt. Paul violated crowd control policies and committed acts that were a discredit to the department, and recommended a 3-day suspension. Shockingly, the Chief of Police declined to implement the punishment, essentially ratifying Sgt. Paul's excessive force.[1]

   b. In 2015 (Nyugen v. CCSF, Case No: 3:16-cv-02589-JSC), Sgt. Flint Paul slammed a bystander's face into a police car after losing his temper in a crowd of people at the SF Gay Pride Parade.

   c. In 2015, (Woods v. CCSF, Case No: 3:15-cv-05666-WHO) a group of SFPD Officers

---

[1] "SFPD chief declines to punish sergeant who collided with skateboarder" https://www.sfexaminer.com/news/sfpd-chief-declines-to-punish-sergeant-who-collided-with-skateboarder/

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 8

executed a man by firing over twenty shots at him when he was posing no immediate threat of deadly force at the time officers opened fire. SFPD has not disciplined any of the Defendant Officers.

d. In Sean Moore v. CCSF, Case No.: 4:18-cv-00634-DMR, SFPD Officers attempted to unlawfully detain an unarmed and mentally disabled man, Plaintiff Sean Moore, on his front porch. The officers shot Plaintiff Moore without legal justification. The SFPD officers convinced the District Attorney to press bogus criminal charges for assault and battery on officers. Those trumped-up charges were ultimately dismissed after the SF Public Defenders' Office intervened. SFPD has not disciplined any of the involved officers.

e. In Frierson v. CCSF, Case No.: 3:15-cv-02573-JSC, an SFPD Officer unlawfully dumped a man, Plaintiff Frierson, from his wheelchair onto the pavement injuring the man on video. The case settled however, Defendant Officer Carrasco was not disciplined.

f. The US Justice Department conducted a six-month investigation into the San Francisco Police Department. The Justice Department concluded they found "concerning deficiencies in every operational area assessed: use of force; bias; community policing practices; accountability measures; and recruitment, hiring and promotion practices," according to Ronald Davis, director of the Justice Department's Office of Community Oriented Policing Services.[2]

g. Presently, the California Department of Justice will evaluate and publicly report on how the SFPD is applying the 272 recommendations made by the DOJ under the Obama administration's Collaborative Reform Initiative.[3]

---

[2] "U.S. Justice Department urges changes in SFPD after fatal shootings". https://www.sfgate.com/bayarea/article/U-S-Justice-Department-urges-changes-in-SFPD-9966886.php

[3] State Stepping In to Oversee San Francisco's Police Reforms https://ww2.kqed.org/news/2018/02/05/state-stepping-in-to-oversee-san-franciscos-police-reforms/

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 9

35.     Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants, and DOES 1-50, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. None of the officers were disciplined. Officials have not disciplined and/or retrained these officers despite clear department and constitutional violations against Plaintiffs. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants, and DOES 1-50, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiff's rights as alleged herein.

36.     As against Defendant CCSF, Defendants and/or DOES 1-50 in his/their capacity as police officer(s) for the CITY OF SAN FRANCISCO, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of SAN FRANCISCO POLICE DEPARTMENT is tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens. This is reinforced by the fact that the officers in the aforementioned excessive force incidents as well as the one underlying this complaint have not been disciplined and/or re-trained.

37.     The unconstitutional actions and/or omissions of Defendants and Does 1-25, as well as other officers employed by or acting on behalf of Defendant CCSF, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the SAN FRANCISCO Police Department stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for CCSF:

    a.     To cover-up violations of constitutional rights by any or all of the following:

        i.   by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force;

        ii.  by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 10

   iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

 b. To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

 c. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.;

 d. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (f) above, with deliberate indifference to the rights and safety of Plaintiff and the public, and in the face of an obvious need for such policies, procedures, and training programs to prevent recurring and foreseeable violations of rights of the type described herein.

38. Defendants CCSF and Does 26-50 failed to properly train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant Officers, and DOES 1-25, and other CCSF Police personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above. The unconstitutional actions and/or omissions of Defendants and DOES 1-25, and other CCSF personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the SAN FRANCISCO POLICE DEPARTMENT.  Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within CCSF, and that such policy makers have direct knowledge of the fact that the use of force on PLAINTIFFS were not justified, but rather represented an unconstitutional use of unreasonable force.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 11

Notwithstanding this knowledge, the authorized policy makers within CCSF have approved Defendants' grossly excessive and bias use of force on Plaintiffs. By so doing, the authorized policy makers within the CCSF and the San Francisco Police Department have shown affirmative agreement with the actions of Defendant Does 1-25, and have ratified the unconstitutional acts of Defendant Does 1-25.

39. The aforementioned customs, policies, practices, and procedures, the failures to properly and adequately train, instruct, monitor, supervise, evaluate, investigate, and discipline, as well as the unconstitutional orders, approvals, ratification and toleration of wrongful conduct of Defendant CCSF and Does 26-50, were a moving force and/or a proximate cause of the deprivations of Plaintiffs' clearly-established and well-settled constitutional rights in violation of 42 U.S.C. § 1983, as more fully set forth in Cause of Action 1-3, above.

40. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

41. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of Defendants CCSF and Does 26-50 as described above, Plaintiffs sustained serious and permanent injuries and is entitled to damages, penalties, costs and attorneys' fees as set forth above.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 12

## FIFTH CAUSE OF ACTION
### (Violation of the Bane Act (Cal. Civ. Code § 52.1))
*(PLAINTIFFS against GUNN, CITY of SAN FRANCISCO and DOES 1-25)*

42. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

43. Plaintiff brings this "Bane Act" claim individually for direct violation of their own rights.

44. By their conduct described herein, Defendants and Does 1-50, acting in concert/conspiracy, as described above, violated Plaintiffs' rights under California Civil Code §52.1, and the following clearly-established rights under the United States Constitution and the California Constitution:

    a. Plaintiffs' right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by Article I, § 13 of the California Constitution;

    b. Plaintiffs' right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

    c. Plaintiffs' right to assemble and to free speech as secured by the First Amendment to the United States Constitution and by Article 1, § 13 of the California Constitution;

45. Excessive force which violates the Fourth Amendment, also violates the Bane Act. Defendants' use of unlawful force against Plaintiffs, in and of itself, satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act.

46. Further, any volitional violation of rights done with reckless disregard for those rights also satisfies the "by threat, intimidation, or coercion" requirement of the Bane Act. All of Defendants' violations of duties and rights were volitional, intentional acts, done with reckless disregard for Plaintiffs' rights; none was accidental or merely negligent.

47. Alternatively, Defendants violated Plaintiffs' rights by the following conduct constituting threat, intimidation, or coercion that was above and beyond any lawful seizure or use of force:

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 13

a. Threatening Plaintiffs in the absence of any threat presented by Plaintiffs or any justification whatsoever;

b. Using deliberately reckless and provocative tactics to apprehend Plaintiffs in violation of generally accepted law enforcement training and standards, and in violation of Plaintiff's rights;

c. Defendant striking and/or physically accosting Plaintiffs in the absence of any threat or need for such force;

d. Threatening violence against Plaintiffs, with the apparent ability to carry out such threats, in violation of Civ. Code § 52.1(j);

e. Using excessive, unreasonable and unjustified force against Plaintiffs while they attempted to comply with the officers;

f. Failing to intervene to stop, prevent, or report the unlawful seizure and use of excessive and unreasonable force by other officers;

g. Violating multiple rights of Plaintiffs;

h. Arresting Plaintiffs for no reason.

48. Defendant CITY OF SAN FRANCISCO is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

49. As a direct and proximate result of Defendants' violation of California Civil Code §52.1 and of Plaintiffs' rights under the United States and California Constitutions, Plaintiffs sustained injuries and damages, and against all Defendants and is entitled to relief as set forth above, including punitive damages against Defendants and Does 1-50, and including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, treble damages, and civil penalties.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 14

## SIXTH CAUSE OF ACTION
### (Battery – Violation of CALIFORNIA PENAL CODE § 242)
*(PLAINTIFFS against GUNN, CITY of SAN FRANCISCO and DOES 1-25)*

50. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

51. Defendants, while working as employees for the Defendant CITY OF SAN FRANCISCO police department, and acting within the course and scope of their duties, intentionally injured Plaintiffs without a lawful basis.

52. As a result of the actions of the Defendants, Plaintiffs suffered physical injuries. Defendants and Does did not have legal justification for using force against Plaintiffs, and Defendants' use of force while carrying out their duties was an unreasonable use of force.

53. Defendant CITY OF SAN FRANCISCO is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

54. As a direct and proximate result of Defendants' battery of Plaintiffs, Plaintiffs sustained injuries and damages, and are entitled to relief as set forth above.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
### (Negligence)
*(PLAINTIFFS against GUNN, CITY of SAN FRANCISCO and DOES 1-25)*

55. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint except any reference to intentional conduct..

56. At all times, Defendants and Does owed Plaintiffs the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 15

57. At all times, Defendants and Does owed Plaintiffs the duty to act with reasonable care.

58. These general duties of reasonable care and due care owed to Plaintiffs by Defendants include but are not limited to the following specific obligations:

    a. to refrain from using excessive and/or unreasonable force against Plaintiffs;

    b. to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

    c. to refrain from abusing their authority granted them by law;

    d. to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

59. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.

60. Defendant CITY OF SAN FRANCISCO is vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

61. As a direct and proximate result of Defendant's negligence, Plaintiffs sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

## EIGHTH CAUSE OF ACTION
### (False Imprisonment/Illegal Detention)
*(PLAINTIFFS against GUNN, CITY of SAN FRANCISCO and DOES 1-25)*

62. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 16

63. Defendants and DOES 1-25 detained and assaulted Plaintiffs without just cause and under false pretenses. Defendants restrained, detained, and/or confined Plaintiffs without thier consent or a lawful basis for a significant period of time.

64. As a result of the Defendants and Does 1-50 unlawful confinement, Plaintiffs suffered emotional distress and physical injuries.

65. Defendant CITY OF SAN FRANCISCO is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
**(False Arrest)**
(*PLAINTIFFS against GUNN, CITY of SAN FRANCISCO and DOES 1-25*)

66. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

67. Defendant Does, while working as employees for the SAN FRANCISCO POLICE DEPARTMENT, and acting within the course and scope of their duties, falsely arrested Plaintiff without any reasonable suspicion and/or probable cause.

68. As a result of the actions of these Defendants, Plaintiff suffered physical injuries and/or emotional distress. Defendants did not have legal justification for using force, arresting and/or detaining.

69. Defendant CITY OF SAN FRANCISCO is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

### JURY DEMAND

70. Plaintiffs hereby demand a jury trial in this action.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 17

# PRAYER

Wherefore, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages against GUNN and DOES 1-50;

4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law against Defendant City and its employees

5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Date: August 31, 2020                                     Respectfully submitted,

**POINTER & BUELNA, LLP**

**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
ADANTE D. POINTER
COUNSEL FOR PLAINTIFFS
Attorneys for Plaintiffs

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140,
Oakland, CA 94612
Tel: (510) 929 - 5400

COMPLAINT FOR DAMAGES
- 18